UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:10-cr-144 |
| | ) | JUDGE TRAUGER |
| | ) | |
| EMANUELE BUTERA | ) | |

### PETITION TO ENTER A PLEA OF GUILTY

I, Emanuele Butera, respectfully represent to the Court as follows:

(1) My true full name is Emanuele Butera; I was born on October 13, 1971. I have had over seventeen years of formal education.

(2) My lawyer is Patrick G. Frogge, Bell, Tennent & Frogge, PLLC, Bank of America Plaza, 414 Union Street, Suite 904, Nashville, Tennessee 37209.

(3) I have received a copy of the above referenced information before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the above referenced indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged is:

As to Count One, Bankruptcy Fraud in violation of 18 U.S.C. § 152(1), the maximum penalties are five years of imprisonment, a fine of not more than $250,000, a mandatory special assessment of $100, and a term of supervised release not to exceed three years. *See* 18 U.S.C. §§ 152(1), 3583(b)(2).

I understand that the plea agreement contemplates that I would plead guilty to count one which has the maximum penalties described in the preceding paragraphs.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. I understand that the court can and is likely to sentence me to a period of incarceration. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase any sentence that I receive, including up to life imprisonment; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the

production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial, and that the Court may impose sentence upon me as if I had been convicted by a jury or, if there is one, may sentence me within the limits set forth in the plea agreement referenced in paragraph thirteen (13) herein.

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked her/him to do and I am satisfied with her/his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

Plead to Count One of the Information, Bankruptcy Fraud in violation of 18 U.S.C. § 152(1), the maximum penalties are five years of imprisonment, a fine of not more than $250,000, a mandatory special assessment of $100, and a term of supervised release not to exceed three years. *See* 18 U.S.C. §§ 152(1), 3583(b)(2).

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the <u>Federal Rules of Criminal Procedure</u>. The plea agreement is as follows:

See attached plea agreement.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the attached plea agreement, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

3

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the __1__ day of __February__, 2011.

EMANUELE BUTERA

4

## ACKNOWLEDGEMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

**TY HOWARD,**
Assistant United States Attorney

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for Emanuele Butera, hereby certifies as follows:

(1) I have read and fully explained to Emanuele Butera all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by Emanuele Butera in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of Emanuelle Butera this _1_ day of _Febru___, 2011.

**PATRICK G. FROGGE**
Attorney for Mr. Butera

5

<u>O R D E R</u>

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this __ day of _____, 2011

_____
ALETA TRAUGER.
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA   )
      )
      )   No.  3:10-cr-00144
      v.      )
      )   JUDGE TRAUGER
EMANUELE RAYMOND BUTERA   )

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and defendant Emanuele Raymond Butera have entered into a plea agreement, the terms of which are as follows:

### Charges in This Case

1.    Defendant has been charged in the indictment in this case with one count of bankruptcy fraud under Title 18, United States Code, Section 152(1). Defendant has read the charge against him in the information, and it has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charges to Which Defendant is Pleading Guilty and Penalties

2.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the single count in information, bankruptcy fraud, under 18 U.S.C. § 152(1). Defendant understands that the maximum penalties for that offense are 5 years of imprisonment, a fine of not more than $250,000, a mandatory special assessment of $100, and a term of supervised release not to exceed three years.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

3.    This Plea Agreement is entirely voluntary and represents the entire agreement

between the United States and defendant regarding defendant's criminal liability for in case number 3: 10-cr-00144.

4.     The parties agree that this Plea Agreement accounts for and resolves all of defendant's criminal liability for (a) the charge in case number 3:10-cr-00144 and (b) all matters known and under investigation by the Nashville Field Offices of the Internal Revenue Service-Criminal Investigation and the Federal Bureau of Investigation as of the date defendant signs this agreement. Defendant understands and agrees that this agreement does not cover or resolve any matters under investigation by any other agencies, regardless of when those investigations began or became known. Defendant further understands and agrees that this agreement has no effect on any investigations of matters that are not known by any agency (including those named in subparagraph (b)), as of the date defendant signs this agreement.

5.     Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

(a)     If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

(b)     If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the

government bears the burden of proving defendant guilty of the charge beyond a reasonable doubt.

(c)     If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could testify or refuse to testify, and no inference of guilt could be drawn from his refusal.

6.     Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

<u>**Factual Basis**</u>

7.     Defendant will plead guilty because he is in fact guilty of the charge in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

8.     Defendant operated several fitness clubs in the Middle District of Tennessee and elsewhere. When the fitness clubs began having financial difficulties, defendant began withdrawing cash from the business's bank accounts through withdrawals at automated teller machines

3

("ATMs"). Defendant also directed his wife, Jennifer Carol Butera, to withdraw cash from the business's bank accounts through withdrawals at ATMs. Jennifer Butera did so, and either provided the cash to defendant or placed it in a home safe at his direction.

9. In early 2007, defendant and Jennifer Butera were having marital difficulties and contemplating divorce. Defendant expressed to Jennifer Butera that he wanted the withdrawn cash from the business accounts to be used for the care of her and the couple's four children. Defendant further stated that he wanted the cash to be taken to a bank safe-deposit box near his wife's parents' home in Mississippi.

10. Thereafter, Defendant or Jennifer Butera or both made several trips to Jennifer Butera's parents' home. On the first trip, defendant, accompanied by Jennifer Butera's father, took cash to a safe-deposit box at a local bank in Mississippi. On the second trip, Defendant gave Jennifer Butera cash and directed her to take it to Mississippi. Once there, Jennifer Butera, accompanied by her father, took the cash to a second safe-deposit box.

11. At some point after the above two deposits into the two different safe-deposit boxes, Jennifer Butera's father removed the cash from the boxes and buried approximately $300,000 in cash in his backyard. Jennifer Butera's father gave the rest of the money to Jennifer Butera, who used it to pay for living expenses and maintenance of her and her four children.

12. On April 20, 2007, Defendant and his Jennifer Butera filed Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee. Their case was docketed at case number 07-02736-GP3-7.

13. In their bankruptcy petition in that case, Defendant and Jennifer Butera knowingly and fraudulently concealed the approximately $300,000 in cash buried in Mississippi. Defendant

4

personally reviewed that bankruptcy petition and knew that he had concealed the $300,000.

14.    On May 21, 2007, Defendant and his wife were placed under oath at a meeting of creditors. Defendant and his wife both testified that they had signed bankruptcy papers after reading them and had listed all of their assets. Defendant and his wife later filed two amendments to the bankruptcy petition but still did not disclose the $300,000.

15.    In July 2008, without defendant's knowledge or approval, Jennifer Butera and her personal attorney contacted the United States Trustee Office in Nashville, Tennessee, disclosed the approximately $300,000 in cash given to her by defendant, and arranged for the trustee to retrieve the $300,000 from Mississippi. Within a week, the trustee traveled to Mississippi and obtained the $300,000 in cash. When the cash was counted, the exact figure was **$301,230**.

16.    This statement of facts is provided to the Court to demonstrate a factual basis for defendant's plea of guilty. It does not contain each and every fact known to the defendant ro the United States regarding Defendant's or others' conduct.

### Sentencing Guidelines Calculations

17.    The parties understand that the Court will take account of the Sentencing Guidelines, together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties further understand that the advisory sentencing range is determined by a number of factors, including, among others, the offense level associated with Defendant's crime and his criminal history if any.

### No Estimated Guideline Range

18.    The parties have not estimated Defendant's offense level or his criminal history and, therefore, have not provided an anticipated guidelines range. The parties do agree, however, that the

5

total amount of loss is **$301,230**, which represents the concealed money that Jennifer Butera disclosed and returned to the U.S. Trustee.

### Court will Determine Guideline Range

19. Any estimate of the offense level or guidelines range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with any other calculations performed by any other party at any other time.

20. The parties reserve the right to answer any inquiries and to make all appropriate arguments concerning any Sentencing Guideline issues raised by the Court or the Probation Office. Defendant further acknowledges that he will have no right to withdraw his guilty plea based on the Court's interpretation of the Sentencing Guidelines or if the Court imposes a sentence greater or less than what Defendant may have expected based on his attorney's, the Probation Office's, or any other source's calculation of the Guidelines.

### Agreements Relating to Sentencing

21. At sentencing, defendant and his attorney may request any sentence that they deem appropriate.

22. At sentencing, the United States agrees not to request above the applicable sentencing

6

guidelines.

23. Defendant understands that he may not withdraw his plea of guilty if the Court imposes a sentence greater than what either he or the government recommends.

24. Defendant further acknowledges that the Court will impose a mandatory special assessment of $100 for the one count of conviction that defendant is obligated by statute to pay.

### Presentence Investigation Report and Post-Sentence Supervision

25. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

26. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

27. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United

States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

28. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, or penalties from defendant.

### Waiver of Appellate Rights

29. Regarding the issue of guilt, defendant knowingly waives all (a) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty and (b) trial rights that might have been available if he exercised his right to go to trial. This waiver does not apply, however, to defendant's right to appeal any of these issues where the appeal is based on voluntariness, prosecutorial misconduct, or ineffective assistance of counsel.

30. Regarding sentencing, defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal the sentence. This waiver does not apply, however, to defendant's right to appeal his sentence where the appeal is based on voluntariness, prosecutorial misconduct, or ineffective assistance of counsel.

31. Regarding collateral attacks, defendant also knowingly waives the right to file a collateral attack challenging his sentence or raising other issues, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 or § 2241. This waiver does not apply, however, to defendant's right to file a collateral attack where the attack is based on voluntariness, prosecutorial

8

misconduct, or ineffective assistance of counsel.

## Other Terms

32.     If Defendant engages in additional criminal activity after he has pleaded guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

33.     Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

34.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement.  Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

35.     Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

36.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

37.     Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information.  Further, I fully understand all rights

9

with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 2/1/11

EMANUELE RAYMOND BUTERA,
Defendant

38.　Defense Counsel Signature: I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 2/1/11

PATRICK FROGGE
Attorney for Defendant Emanuele R. Butera

Respectfully submitted,

JERRY E. MARTIN
United States Attorney

By:

TY E. HOWARD
Assistant U.S. Attorney

JOHN WEBB
Deputy Criminal Chief

10